## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Darnell Carlton Bouie,**
**Petitioner Below, Petitioner**

**vs.)  No. 20-0660** (Harrison County 15-C-433-3)

**Donnie Ames, Superintendent,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Darnell Carlton Bouie, by counsel Jeremy B. Cooper, appeals the July 31, 2020, order of the Circuit Court of Harrison County denying his petition for a writ of habeas corpus. Respondent Donnie Ames, Superintendent, Mt. Olive Correctional Complex, by counsel Lara K. Bissett, filed a response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner and Ennis Charles Payne were indicted in the Circuit Court of Harrison County for the murder of Jayar Poindexter ("the victim") and conspiracy to commit burglary of the victim's residence. According to the State's evidence at trial, at about 3:15 a.m. on January 13, 2010, petitioner joined with Mr. Payne to steal money and drugs from the victim's apartment in Clarksburg. The pair arrived at the apartment complex with three other men, who waited with the group's two vehicles parked some distance away. As petitioner and Mr. Payne prepared to enter a rear bedroom window, they unexpectedly encountered the victim who left his bed to investigate upon hearing the duo approach. During the confrontation that followed, Mr. Payne fired his .25 caliber pistol through the window into the victim's chest, killing him.

1

Petitioner was tried separately from Mr. Payne after the circuit court granted petitioner's motion to sever the trials. Petitioner did not testify at trial. A prior statement petitioner gave to law enforcement was admitted, in which petitioner asked why he was charged with murder when "he was not the shooter." When petitioner was told that he was facing the murder charge "because you guys went up there to break into [the victim's apartment]," he admitted that he was at the victim's apartment complex, stating that "he just walked around the residence."

The State further introduced evidence of petitioner's phone calls from the Central Regional Jail, during which he refers to Mr. Payne as "E." and "E.C.":

October 31, 2012—"I know the only thing they got is that print man, that's the [expletive] it. And that ain't enough to convict nobody of no murder or nothing."

November 2, 2012—"I already know what they got—they got that one [expletive] print and that's the [expletive] it. E needs to get that discovery."

December 4, 2012—"If I would have [expletive] listened I wouldn't even be in none of this shit, I should have then changed my [expletive] life around. I don't think that [expletive] E.C. is saying nothing man."

No fingerprint evidence was discovered at the crime scene. However, investigators found two sets of footprints in the snow beneath the victim's bedroom window, one made by boots and the other by sneakers. At petitioner's trial, the State introduced, as demonstrative evidence, a pair of Nike Air Force One sneakers in order to show the similarities between the exemplar sneakers and the sneaker footprints and sneakers seen on video surveillance footage. The circuit court gave the jury a cautionary instruction stating that the exemplar sneakers were not actual evidence recovered from the crime scene, nor obtained from either petitioner or Mr. Payne, and that the exemplar sneakers did not belong to petitioner.

Following instructions and closing arguments, the jury convicted petitioner on both counts alleged in the indictment. In accordance with the jury's recommendation, the circuit court sentenced petitioner to a life term of incarceration, with the possibility of parole, for his conviction of felony murder and one to five years of incarceration for the conviction of conspiracy to commit burglary. Petitioner appealed his convictions in *State v. Bouie*, 235 W. Va. 709, 776 S.E.2d 606 (2015), where this Court affirmed the circuit court's decisions to admit petitioner's statement to law enforcement, his phone calls from the regional jail, and the exemplar sneakers as demonstrative evidence. *Id.* at 716-21, 776 S.E.2d at 613-18.[1] This Court

---

[1]This Court further affirmed the circuit court's decision to admit an admission made by Mr. Payne to a witness, that he "shot somebody in a robbery," pursuant to Rule 804(b)(3) of the West Virginia Rules of Evidence, which provides that statements against interest are not excluded as evidence by the hearsay rule, following Mr. Payne's successful invocation of his right against self-incrimination. *State v. Bouie*, 235 W. Va. 709, 717-19, 776 S.E.2d 606, 614-16 (2015).

in *Bouie* further found that there was sufficient evidence to support petitioner's convictions and affirmed the circuit court's judgment. *Id.* at 721-23, 776 S.E.2d at 618-20.

On October 27, 2015, petitioner filed a petition for a writ of habeas corpus in the circuit court. Habeas counsel was appointed, who filed an amended habeas petition on August 9, 2018. At a March 15, 2019, omnibus hearing, petitioner raised the following grounds for relief: (1) prejudicial pretrial publicity and improper venue; (2) constitutional error in evidentiary rulings; (3) actual guilt or innocence; (4) insufficient evidence; (5) ineffective assistance of trial counsel; and (6) improper jury instructions. Petitioner testified himself and presented the testimony of his trial counsel.[2] By order entered on July 31, 2020, the circuit court denied the habeas petition.

Petitioner now appeals the circuit court's July 31, 2020, order denying his habeas petition. This Court reviews a circuit court order denying a habeas petition under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016).

On appeal, petitioner argues that the circuit court erred in denying his habeas petition, raising ineffective assistance of trial counsel and improper jury instructions. Respondent counters that the circuit court properly denied the habeas petition and that petitioner's assignments of error lack merit. We agree with respondent.

We review ineffective assistance of counsel claims as follows:

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

> In reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-

---

[2]Two attorneys served as petitioner's trial counsel, both of whom testified at the March 15, 2019, omnibus hearing.

guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue.

Syl. Pts. 5 and 6, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995). In deciding ineffective assistance claims, a court does not need to address both prongs of the *Strickland/Miller* test, but "may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test." Syl. Pt. 5, *State ex rel. Daniel v. Legursky*, 195 W. Va. 314, 465 S.E.2d 416 (1995). As stated in *State ex rel. Vernatter v. Warden, West Virginia Penitentiary*, 207 W. Va. 11, 528 S.E.2d 207 (1999), the "[f]ailure to meet the burden of proof imposed by either part of the *Strickland/Miller* test is fatal to a habeas petitioner's claim." *Id.* at 17, 528 S.E.2d at 213.

Petitioner first argues that there was no motion for a change of venue based upon prejudicial pretrial publicity due to the lack of an adequate investigation of the issue by trial counsel. Respondent counters that trial counsel testified at the omnibus hearing that there was an investigation in the form of the collection of media items from a newspaper and local television stations, and counsel held a mock trial with a jury of approximately fifteen people. Based on discussions with people involved in the mock trial, trial counsel concluded that no information existed that "there was either hostile community sentiment, or that there was such an overwhelming coverage of the case that they had formed an opinion about the facts of the case."

Prejudicial pretrial publicity creating a hostile community sentiment constitutes good cause for moving a case to another county; however, the focus "should not be whether the community remembered or heard the facts of the case, but whether the jurors had such fixed opinions that they could not judge impartially the guilt or innocence of the defendant." Syl. Pts. 2 and 3, *State v. Derr*, 192 W. Va. 165, 451 S.E.2d 731 (1994). Based on our review of the omnibus hearing transcript, we conclude that the circuit court did not err in finding that this ineffective assistance claim was unsubstantiated.

Petitioner further argues that trial counsel failed to investigate whether petitioner could raise an alibi defense to "contradict the State's circumstantial evidence placing . . . [p]etitioner at the scene of the shooting[.]" We find that this claim is contrary to our finding in *Bouie* that petitioner "placed himself in the physical vicinity of the murder" by admitting that he walked around the victim's apartment complex. 235 W. Va. at 722, 776 S.E.2d at 619. Due to petitioner's admission, we concur with the circuit court's findings that there was "[no] evidence that [p]etitioner was in another location during the shooting" and that this ineffective assistance claim was without merit.

Petitioner next argues that trial counsel was ineffective in failing to have the defense's shoe expert testify at trial notwithstanding trial counsel's testimony at the omnibus hearing that the defense was able to "get the same testimony out of the State's witnesses[.]" We find that trial counsel's testimony is confirmed by our findings in *Bouie* that (1) the circuit court gave a cautionary instruction stating that the exemplar sneakers were not actual evidence, were not petitioner's shoes, and were not obtained from either him or Mr. Payne; (2) the investigating officer and the State's two expert witnesses testified that the example sneakers were not obtained from petitioner and/or did not belong to him; and (3) the State's experts "could not . . . say with

4

any certainty that the sneakers [petitioner] wore on the night in question were Nike Air Force Ones or that the brand left the footwear impressions, and, significantly, [the investigating officer] was not permitted to testify to those connections, either." *Id.* at 719-21, 776 S.E.2d at 616-618. In light of our findings in *Bouie*, we conclude that the circuit court did not err in rejecting this ineffective assistance claim.

We consider petitioner's final two ineffective assistance claims together. Petitioner argues that trial counsel failed to adequately cross-examine the following witnesses for the State: (1) the witness through whom Mr. Payne's statement against interest was introduced at petitioner's trial;[3] (2) the investigating officer; (3) a transportation sergeant at the Central Regional Jail; and (4) the booking clerk at the Central Regional Jail. Petitioner further argues that trial counsel failed to utilize the grand jury transcript in the cross-examinations of these witnesses.

The circuit court disposed of these ineffective assistance claims pursuant to the second prong of the *Strickland/Miller* test. Based on our findings from *Bouie*, we find that the circuit court was correct to do so. Petitioner disputes that he was with Mr. Payne when Mr. Payne shot the victim during an attempted burglary. This Court in *Bouie* described the evidence of petitioner's presence at the crime scene "nearly as compelling" as the evidence against Mr. Payne, who was the shooter, finding:

> In [the investigating officer's] cruiser, [petitioner] asserted that "he was not the shooter," thereby strongly intimating first-hand knowledge of the events at [the victim's] apartment. [Petitioner] admitted having walked around the residence, and in doing so placed himself in the physical vicinity of the murder. [Petitioner's] phone conversations from jail referencing "E" and "E.C." further demonstrated his association with [Mr.] Payne, and his purported knowledge concerning the evidence that was likely to be found during the investigation was essentially an admission of involvement. Eyewitness testimony from the men who accompanied [petitioner] and [Mr.] Payne to the apartment complex established that [petitioner] and [Mr.] Payne strode off in each other's company and returned the same way.

*Id.* at 722, 776 S.E.2d at 619. This Court in *Bouie* affirmed the admission of petitioner's statements establishing his presence at the scene. *Id.* at 716-19, 776 S.E.2d at 613-16. Petitioner does not assert that the men who provided eyewitness testimony against him are among the witnesses who were allegedly inadequately cross-examined. Therefore, even if trial counsel's cross-examinations were deficient as alleged in the final two ineffective assistance claims, we concur with the circuit court's finding that petitioner failed to show that more robust cross-examinations "would have ultimately altered the jury's verdict in his favor." Accordingly, we conclude that the circuit court properly denied the habeas petition with regard to ineffective assistance of trial counsel.

---

[3]*See supra* note 1.

With regard to petitioner's second assignment of error, he argues that jury instruction no. 4, which set forth the concerted action principle, was not supported by the evidence presented at trial.[4] Instruction no. 4 provided, in pertinent part, as follows:

> Under the concerted action principle, the [c]ourt instructs that it is not necessary for a [d]efendant to do any particular act constituting at least part of the crime in order to be convicted of that crime as a principle in the second degree so long as he is present at the scene of the crime and the evidence is sufficient to show that he was acting together with another person who does the acts necessary to constitute the crime pursuant to a common plan or purpose to commit the crime.

Petitioner asks this Court to review this issue for either plain error or ineffective assistance of trial counsel as there was no objection to instruction no. 4 at trial. Respondent counters that extensive analysis under either test is unnecessary because there is no merit to the argument that instruction no. 4 lacked an evidentiary basis. We agree with respondent.

"A trial court's instructions to the jury must be . . . supported by the evidence." Syl. Pt. 4, in part, *State v. Guthrie*, 194 W. Va. 657, 461 S.E.2d 163 (1995). "[I]n West Virginia criminal cases[,] the sole bases for attacking an unobjected to jury charge are plain error and/or ineffective assistance of counsel." *Miller*, 194 W. Va. at 17, n.23, 459 S.E.2d at 128, n.23. We have set forth the test for ineffective assistance of counsel above. The Court in *Miller* held that plain error consists of: "(1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *Id.* at 7, 459 S.E.2d at 118, syl. pt. 7.

To convict petitioner of felony murder and conspiracy to commit burglary, if the State was able to "produce credible evidence of [petitioner's] presence and motive, . . . the jury would be entitled to rule out all legitimate reasons for [petitioner] being in the vicinity of [the victim's] apartment after 3:00 a.m., and find him guilty as charged beyond a reasonable doubt." *Bouie*, 235 W. Va. at 722, 776 S.E.2d at 619. Evidence of motive for the burglary existed as cocaine and $1,344 in cash were found inside the victim's apartment. *Id.* The evidence establishing

---

[4]We agree with respondent's position that, while petitioner mentions jury instruction no. 3 (addressing the criminal liability of a principal in the second degree), petitioner's argument is focused on jury instruction no. 4. Therefore, we decline to address the correctness of instruction no. 3 pursuant to Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, which provides, in pertinent part, that "[t]he argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal," and that "[t]he Court may disregard errors that are not adequately supported by specific references to the record on appeal." "Although we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but are not supported with pertinent authority, are not considered on appeal." *State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996), *State v. Lilly*, 194 W. Va. 595, 605 n.16, 461 S.E.2d 101, 111 n.16 (1995) (finding that cursory treatment of an issue is insufficient to raise it on appeal).

petitioner's presence at the scene of the crime has been set forth above. Because this Court in *Bouie* found sufficient evidence to support petitioner's convictions for felony murder and conspiracy to commit burglary, we find that there was sufficient evidence to support the giving of instruction no. 4 and that there was no error—let alone plain error—and the failure to object to instruction no. 4 was not ineffective assistance. Therefore, we conclude that the circuit court did not err in rejecting this ground for relief and did not abuse its discretion in denying the habeas petition.

For the foregoing reasons, we affirm the circuit court's July 31, 2020, order denying petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED:** August 27, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton